**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly J Davis,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-20-00336-TUC-SHR (EJM)<br><br>**Order Granting Attorneys' Fees** |

Pending before the Court is Plaintiff Kimberly Davis' "Motion for Award Of Attorney Fees As Authorized By The Equal Access To Justice Act." (the "Motion") (Doc. 34.) For the following reasons, the Court grants the Motion and awards $12,021.05 in attorneys' fees.

**I.     Background**

In March 2022, the Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the case for further consideration of Plaintiff's Application for Disability Insurance Benefits. (Docs. 31, 32, 33.) Plaintiff's counsel filed the pending Motion and Memorandum in support thereof, originally seeking attorneys' fees in the amount of $11,368.43. (Docs. 34, 35.) Defendant Commissioner of the Social Security Administration opposed the amount of fees requested and argued it should be reduced by $2,590.96. (*See* Doc. 38 at 6.) Plaintiff's counsel filed a Reply and argued the "additional litigation caused by the Commissioner's opposition to the EAJA motion" should also lead

to an additional three hours which would amount to a total $12,021.05. (Doc. 40 at 15.)

## II. Legal Standard

The Equal Access To Justice Act (EAJA) provides for the award of attorneys' fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Fees awarded under the EAJA must be reasonable. *See* § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). This is "now called the 'lodestar' method" of determining the reasonableness of fees. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). A reasonable fee does not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The reasonableness of the number of hours spent is necessarily a case-specific determination, and it is improper to generalize from other cases and impose "a de facto cap" on the number of hours compensable under the EAJA. *Costa,* 690 F.3d at 1134. A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 438. However, a plaintiff does not need to "preemptively guess what reasonableness challenges might be forthcoming." *Murrieta v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04865-PHX-DWL, 2021 WL 1208980, at *2 (D. Ariz. Mar. 31, 2021). Instead, a plaintiff can meet his or her burden by "affirmatively submitting an itemization of services and then by defending against whatever challenges a defendant mounts in its opposition." *Id.* "By and large, the

court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

### III. Analysis

Here, the parties do not dispute Plaintiff is entitled to attorneys' fees or the reasonableness of the hourly rates. (Doc. 38 at 2, 6). The parties only dispute whether the amount of time Plaintiff's counsel billed was reasonable. Therefore, the Court will only focus on the reasonableness of the time expended.

Plaintiff's counsel moves for an award of attorneys' fees in the amount of $11,368.43 based on 7.6 hours of work in 2020, 41.9 hours in 2021, and 6.1 hours in 2022—a total of 55.6 hours. (Doc. 34; Doc. 35-2 at 7.) Along with the motion, Plaintiff's counsel provided an itemized list of services (Doc. 35-2) and an affidavit (Doc. 35-3). Defendant opposes the amount of fees as unreasonable and argues the Court should reduce Plaintiff's fee request by $2,590.96 based on: a 2-hour reduction for time spent on the complaint and a 10-hour reduction for time spent on opening brief. (Doc. 38 at 6.) Specifically, Defendant argues Plaintiff's fee request is unreasonable because (1) a nine-page complaint was too lengthy for this case; (2) Mr. Caldwell billed too much for his work on the opening brief; and (3) it is improper to bill for the post-filing review of errors. (Doc. 38 at 2–6.)

A. <u>Work on Complaint</u>

Defendant argues two hours should be reduced from the time spent on the Complaint because multiple attorneys worked on the Complaint and a lengthy complaint was unnecessary. (Doc. 38 at 2, 6.) Specifically, Defendant argues social security cases involve "pro-forma nature" complaints and "a 9-page complaint with detailed factual and legal arguments was completely unnecessary to state a claim and establish jurisdiction." (Doc. 38 at 3–4.)

In response, Plaintiff argues an attorney is not "precluded from exercising his professional judgment to present substantive arguments to a court at the earliest

opportunity." (Doc. 40 at 7.) According to Plaintiff, a benefit of this approach is the Commissioner may remand the case before it is fully briefed. (Doc. 40 7, n. 7.) Furthermore, Plaintiff argues the length of the Complaint was appropriate here because there was "an extensive record" and Rule 11 of the Federal Rules of Civil Procedure requires counsel to be informed and make proper representations to the court. (*Id.* at 6.)

The Complaint was 9 pages in length and included an introduction, procedural history, summary of ALJ decision, specific assignments of error, and a conclusion. (Doc. 1 at 1-9.) The Complaint specifically discussed two assignments of error and provided case law on why the errors were materially harmful errors. (Doc. 1 at 4–9.) For the reasons discussed below, the Court concludes the time spent on the Complaint was reasonable in this case.

Plaintiff's counsel billed for approximately 6.5 hours to review the ALJ decision and portions of the 1888-page file. (Doc. 20.) Thorough preparation at the inception of a case is a sign of capable representation, and as Plaintiff points out, failure to do so may be sanctionable. *See Garcia v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4673335, *2 (D. Ariz. 2019) ("This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared . . . . Counsel's approach is unorthodox, but his total EAJA request is not significantly larger than those submitted by other practitioners in this area.").

Courts have repeatedly rejected Defendant's claim that duplication of effort is in itself inappropriate. *See Garcia v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00088-PHX-DLR, 2021 WL 347784, at *1 (D. Ariz. Feb. 2, 2021) (rejecting criticism that "it was unreasonable for multiple attorneys to work on this case, which resulted in double billing. The Court has similarly rejected these arguments, noting that 'legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process'") (quoting *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020));

*Latahotchee v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05668-PHX-DWL, 2021 WL 3089117, at *3 (D. Ariz. July 22, 2021) ("[T]he Court has rejected—numerous times—the argument collaboration between two lawyers amounts to impermissible duplication of effort."). Defendant cites *Stairs v. Astrue*, No. 1:10CV0132 DLB, 2011 WL 2946177, at *2–3 (E.D. Cal. July 21, 2011) for the proposition that the government should not be forced to pay more simply because the attorney of record decided to employ another attorney to write the briefs. (Doc. 38 at 4–5.) *Stairs*, however, is distinguishable because in that case the attorney merely signed briefs performed by another attorney, rather than perform substantive work. *Id.* at *2–3. Here, it appears Plaintiff's counsel performed substantive work and did not simply sign the briefs.

B. Work on Opening Brief

Defendant argues the 10 additional hours Mr. Caldwell billed for reviewing and editing the opening brief was unreasonable because the issues in this case were not novel or unique, Plaintiff's brief contained lengthy passages of boilerplate language with minimal reference to the details of the case, and there was a "significant duplication of effort" considering the 22.1 hours already billed by the other counsel on the case. (*Id.* at 2, 4–5.) In response, Plaintiff argues an appropriate amount was billed relative to the facts of the case, the boilerplate language was used appropriately, and duplication of work was appropriate because Mr. Caldwell performed substantive work. (Doc. 40 at 5–14.)

The Opening Brief was 21 pages and included a nine-page glossary defining the medical terms involved in the case. (Doc. 26.) The Brief presented two well-developed issues. (Doc. 26 at 1–2, 11–21.) For the reasons discussed below, the Court concludes the time spent on the Opening Brief was reasonable in this case.

First, as Plaintiff points out, social security appeals are fact intensive, and they might require significant time even in cases lacking complex issues. *See Mata v. Comm'r of Soc. Sec. Admin.*, No. CV-19-4601-PHX-JFM, 2021 WL 9682050, at *1 (D. Ariz. Mar. 24, 2021) ("The legal issues were not unusually complex. They seldom are in Social Security appeals. But the devil is in the facts… Certainly, not all of the 'facts' ultimately were

relevant, but that is the challenge of bearing the burden of persuasion and having to decide what claims to pursue.") After reviewing the record, the Court finds an appropriate amount was billed relative to the facts of the case.

Second, boilerplate language may be used if it is composed of case-specific facts and analysis. *See Latahotchee*, No. CV-19-05668-PHX-DWL, 2021 WL 3089117, at *4. After reviewing the record, the Court finds case-specific facts and analysis was used.

Third, as noted in the previous section, duplication of efforts is appropriate. Therefore, the Court concludes the time spent on the opening brief was reasonable.

### C. Post-Filing Review

Defendant argues it was "completely unreasonable" to bill for reviewing post-filing errors—0.2 hours for the complaint and 0.8 hours for the opening brief—because hours had already been billed for drafting, reviewing, and filing. (Doc. 38 at 4.) Plaintiff does not appear to address this argument. (Doc. 40.)

Nevertheless, the Court finds the amount of time billed for reviewing post-filing errors does not appear excessive or unreasonable. As other courts have stated, review of filings may be reasonable because leave to supplement can be filed if something was missed. *See Murrieta v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04865-PHX-DWL, 2021 WL 1208980, at *4 (D. Ariz. Mar. 31, 2021).

## IV. Conclusion

Thus, having reviewed the parties' arguments, the Court finds that Plaintiff's request for a fee award of $12,021.05 is reasonable.

Accordingly,

**IT IS ORDERED** Plaintiff's "Motion for Award of Attorney Fees as Authorized By The Equal Access To Justice Act" (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff is awarded $12,021.05 in fees pursuant to the Equal Access to Justice Act. No costs have been requested by Plaintiff and therefore none are awarded.

**IT IS FURTHER ORDERED** that, pursuant to the assignment of fees in the

1 | Plaintiff's fee agreement, the government shall pay the fee award payable to Plaintiff, care
2 | of counsel's office.
3 |       Dated this 13th day of January, 2023.

*Honorable Scott H. Rash*
*United States District Judge*